**Joseph R. KUS, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant—Appellee.**

No. 06–35992.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2008.\*\*

Filed April 25, 2008.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Richard M. Rodriguez, Esq., Thomas Michael Elsberry, Esq., Social Security Administration Office of the General Counsel, Helen J. Brunner, Esq., Brian C. Kip-nis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: THOMPSON, W. FLETCHER, and M. SMITH, Circuit Judges.

### MEMORANDUM ***

Plaintiff-appellant Joseph R. Kus appeals the district court's ruling affirming the ALJ's determination that Kus, who is severely disabled due to lumbar spine degenerative joint disease and obesity, was not entitled to disability benefits for the period from May 1, 2001 to July 16, 2003. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision.

We review de novo the district court's decision affirming the ALJ, and will uphold a denial of benefits if the ALJ "applied the correct legal standards and substantial evidence supports the decision." *See Stout v. Comm'r,* 454 F.3d 1050, 1052 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291.

Kus's argument that the ALJ failed to give appropriate weight to the records of his chiropractor, Dr. Martin, is not persuasive. As with other witnesses, the ALJ was required to take into account evidence from Kus's chiropractor "unless he or she expressly determine[d] to disregard such testimony" and gave reasons for doing so. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). While the ALJ did not explicitly discuss Dr. Martin's records, an ALJ is not required to address "*every* piece of evidence," and it is not clear that the ALJ

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rejected the evidence such that an explanation was necessary. *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir.2003) (emphasis added; citation omitted). Indeed, the ALJ stated that "[c]onsideration has also been given [to] the reports of ... other treating, examining and non-examining medical sources," a group that would include Dr. Martin. Moreover, nothing in Dr. Martin's records contradicts the ALJ's conclusions as those records do not describe the degree of Kus's pain or any resulting functional limitations.

 We also are not persuaded by Kus's argument that the ALJ did not properly consider his testimony regarding his symptoms and limitations.[1] Kus produced evidence of an underlying impairment that " 'could reasonably expected to produce pain or other symptoms,' " thus the ALJ could only reject his testimony about the "severity of [his] symptoms with 'specific findings stating clear and convincing reasons for doing so.' " *Batson v. Comm'r,* 359 F.3d 1190, 1196 (9th Cir.2004) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281–82, 1284 (9th Cir.1996)). Moreover, a "finding that a claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain." *Light v. SSA,* 119 F.3d 789, 792 (9th Cir.1997).

Here, the ALJ identified facts in the record, in addition to the lack of medical support, to support his conclusion that Kus's testimony as to the severity of his symptoms was not "fully convincing." The ALJ noted that Kus's treatment had been conservative, and that Kus had not undertaken any treatment identified with signifi-

cant low back pain. *See Macri v. Chater,* 93 F.3d 540, 544 (9th Cir.1996); *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995). This basis alone is sufficient to support the ALJ's assessment of Kus's credibility.

 In light of our determination that the ALJ properly disregarded Kus's subjective allegations regarding his symptoms and limitations, we also conclude that substantial evidence supported the ALJ's findings as to Kus's residual functional capacity. The ALJ's determination that Kus was capable of light work with postural restrictions during the relevant time period was consistent with the assessment performed by Dr. Hoskins, and Dr. Hoskins' findings about Kus's abilities to lift, sit, stand, and walk were confirmed by Dr. Quint. No other medical reports in the record expressly discussed Kus's functional limitations.

 Finally, the ALJ's conclusion as to Kus's ability to obtain work was supported by substantial evidence, specifically, the vocational expert's testimony that someone with Kus's profile and limitations could perform work that existed in significant numbers in the national economy, including the jobs of an assembler of small products, a toy assembler, or a ticket teller. In his hypothetical, the ALJ properly included those limitations he "found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005).

For these reasons, the judgment of the district court is AFFIRMED.

---

1. It is somewhat puzzling that the ALJ stated, in his findings at the conclusion of his opinion, that "[t]he claimant's assertions concerning his ability to work are credible," a finding that perhaps was related to the conclusion that Kus was disabled as of July 17, 2003. In any case, the ALJ's fairly extensive discussion of why he did not find Kus's testimony "fully convincing" is sufficient to resolve any ambiguity as to whether or not the ALJ found Kus credible.